IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00946-GPG

DE'ON WAYNEWOOD,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS, ADULT PAROLE,
COLORADO DEPARTMENT OF CORRECTIONS, TIME COMPUTATION,
KATHLEEN NELSON, Time Release Operations,
MARY CARLSON, Time Release Operations, and
STATE OF COLORADO-OFFICE OF THE ATTORNEY GENERAL-CORRECTIONS,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW IN PART

---

    Plaintiff De'on Waynewood currently lives in Idaho Falls, Idaho. Plaintiff initiated this action by fling a Complaint on May 4, 2015, pursuant to 28 U.S.C. § 1331 that asserts violations of his constitutional rights by named Defendants. Plaintiff also has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    The Court construes the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act a s an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be assigned to District Judge Christine M. Arguello and to Magistrate Judge Michael J. Watanabe, pursuant to D.C.COLO.LCivR 40.1(c)(1). Plaintiff's prior case, dismissed within the past twelve months, is Case No. 13-cv-02561-CMA-MJW.

    Pursuant to the granting of Plaintiff's 28 U.S.C. § 2241 application, *see Waynewood v. Colo. Dep't Corrections*, No. 13-cv-02561-CMA (D. Colo. May 8, 2014),

which determined Plaintiff should receive credit against his sentence for the time he spent on parole and that his sentence should be recalculated without reference to Colo. Rev. Stat § 17-22.5-403(6) and provision of "null time," Plaintiff now is requesting damages for the four years of parole that he wrongly *Waynewood v. Colo. Dep't Corrections*, No. 13-cv-02561-CMA (D. Colo. May 8, 2014) was required to serve.

Defendants Colorado Department of Corrections (Adult Parole and Time Computation), and State of Colorado (Office of the Attorney General-Corrections), however, will be dismissed for the following reasons. Any claim against the State of Colorado and its agencies are barred by the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). Accordingly, it is

ORDERED that Defendants Colorado Department of Corrections (Adult Parole and Time Computation) and State of Colorado (Office of the Attorney General-Corrections) are dismissed as improper parties to this action. It is

FURTHER ORDERED that the Complaint as asserted against remaining Defendants Kathleen Nelson and Mary Carlson shall be drawn to a presiding judge and when applicable to a magistrate judge.

DATED at Denver, Colorado, this  6th  day of    May         , 2015.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court