IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00946-MEH

DE'ON WAYNEWOOD,

    Plaintiff,

v.

KATHLEEN NELSON, and
MARY CARLSON,

    Defendants.

---

**ORDER ON MOTION TO STAY DISCOVERY**

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is the Defendants' Motion to Stay Discovery and Vacate the July 29, 2015 Scheduling Conference [filed July 15, 2015; docket #20]. The Court finds that further briefing and oral argument would not materially assist the Court in adjudicating this motion. For the reasons that follow, Defendants' motion is **granted**.

**I.     Background**

    Plaintiff, proceeding *pro se*, initiated this lawsuit on May 4, 2015 alleging that Defendants erred in calculating his sentence. Complaint, docket #1. During initial review, Senior Judge Babcock dismissed the entity Defendants but allowed Plaintiff's claims against the individual Defendants (hereafter, "Defendants") to proceed. Order, docket #5. On July 13, 2015, the Defendants timely responded to the Complaint by filing a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) arguing, *inter alia*, they are entitled to Eleventh Amendment immunity in their official capacities and qualified immunity in their individual capacities. *See* docket #18.

Thereafter, Defendants filed the present Motion to Stay, asserting they are entitled to a stay of discovery and that it serves the interests of judicial economy and the conservation of resources to stay proceedings and resolve the issue of qualified immunity at the earliest possible stage in the litigation. *See* docket #20.

## II.     Discussion

The Supreme Court has emphasized the broad protection qualified immunity affords, giving officials "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.'" *Behrens v. Pelletier,* 516 U.S. 299, 308 (1996) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)); *see also Crawford-El v. Britton,* 523 U.S. 574, 598 (1998). Consequently, courts should resolve the purely legal question raised by a qualified immunity defense at the earliest possible stage in litigation. *Albright v. Rodriguez,* 51 F.3d 1531, 1534 (10th Cir. 1995); *see also Medina v. Cram,* 252 F.3d 1124, 1127-28 (10th Cir. 2001).

In this case, the Defendants have filed a motion to dismiss the constitutional claims raised in Plaintiff's Complaint alleging, among other defenses, that the official-capacity Defendants enjoy Eleventh Amendment immunity and the individual-capacity Defendants enjoy qualified immunity from the Plaintiff's claims. The Court has broad discretion to stay proceedings as an incident to its power to control its own docket. *See Clinton v. Jones,* 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)). Because the Defendants' Motion to Dismiss raises legal questions of this Court's jurisdiction over the subject matter of the dispute, the question should be resolved as early as possible in the litigation. *See Albright,* 51 F.3d at 1534. Consequently, the Court will grant the Defendants a temporary stay of discovery in this case pending the resolution of their Motion to Dismiss.

**III.     Conclusion**

Accordingly, it is hereby ORDERED that the Defendants' Motion to Stay Discovery and Vacate the July 29, 2015 Scheduling Conference [filed July 15, 2015; docket #20] is **granted**. Discovery in this case is stayed temporarily pending the Court's ruling on Defendants' Motion to Dismiss.  Accordingly, the Scheduling Conference currently set for July 29, 2015 is **vacated** and will be rescheduled, if necessary, upon the Court's ruling on the motion to dismiss.  The parties are directed to submit a status report within five days of the entry of any order adjudicating the pending Motion to Dismiss.

Dated at Denver, Colorado, this 15th day of July, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge