IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00946-MEH

DE'ON WAYNEWOOD,

    Plaintiff,

v.

KATHLEEN NELSON, and
MARY CARLSON,

    Defendants.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [filed November 6, 2015; docket #32]. The motion is fully briefed and the Court finds that oral argument (not requested by the parties) will not assist in the adjudication of the motion. Based on the record herein and for the reasons that follow, the Court **grants** the Defendants' motion.

**I.    Background**

    Plaintiff initiated this lawsuit as a *pro se* litigant by filing the operative complaint on May 4, 2015, alleging that the Defendants deprived him of his Eighth Amendment right against cruel and unusual punishment for improperly computing his time and incarcerating him longer than his accurately calculated sentence. Docket #1. During initial review, Senior Judge Lewis T. Babcock determined the named "Colorado" Defendants were entitled to Eleventh Amendment immunity and dismissed those Defendants from the case, leaving the individually named Defendants, Nelson and

Carlson, to proceed.

The individual Defendants responded to the Complaint by filing a motion to dismiss arguing they are entitled to Eleventh Amendment immunity to the extent the Plaintiff sued them in their official capacities (which was unclear in the original complaint) and to qualified immunity in their individual capacities since the Plaintiff failed to allege they acted with deliberate indifference and, thus, failed to state an Eighth Amendment claim against them. Despite an order to do so, the Plaintiff did not file a written response to the Defendants' motion.

The Court agreed with the Defendants and granted the motion, but permitted the Plaintiff to file an amended pleading in an effort to cure deficiencies noted by the Court. Order, docket #23. That is, the Court first noted, in the Tenth Circuit, imprisonment beyond one's term can constitute cruel and usual punishment for purposes of the Eighth Amendment. *Mitchell v. N.M. Dep't of Corrs.*, 996 F.2d 311, 1993 WL 191810, at *3 (10th Cir. June 1, 1993) (unpublished table opinion) (citing *Sample v. Dierks*, 885 F.2d 1099, 1108-10 (3d Cir. 1989)); *see also Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001) (granted qualified immunity on claim of former prison inmate that he was detained beyond his prison release date in violation of the Eighth Amendment); *Moore v. Tartler*, 986 F.2d 682, 686 (3d Cir. 1993) ("Deliberate indifference has been demonstrated in those cases where prison officials were put on notice and then simply refused to investigate a prisoner's claim of sentence miscalculation.") (citation omitted); *Haygood v. Younger*, 769 F.2d 1350 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986) ("[d]etention beyond the termination of a sentence could constitute cruel and unusual punishment if it is the result of 'deliberate indifference' to the prisoner's liberty interest").

To make out such a claim under the Eighth Amendment, a plaintiff must allege that the

defendants acted with deliberate indifference to whether the plaintiff suffered an unjustified deprivation of his liberty. *Sample*, 885 F.2d at 1110 (citing *Haygood*, 769 F.2d at 1354-55). That is,

> a plaintiff must first demonstrate that a prison official had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted. Second, the plaintiff must show that the official either failed to act or took only ineffectual action under circumstances indicating that his or her response to the problem was a product of deliberate indifference to the prisoner's plight. Finally, the plaintiff must demonstrate a causal connection between the official's response to the problem and the infliction of the unjustified detention.

*Id.*; *see also Haygood*, 769 F.2d at 1354-55 (found that the plaintiff "presented credible evidence that the defendants, after being put on notice, simply refused to investigate [the] computational error.").

The Court determined that, applying the *Sample* factors to Plaintiff's allegations, the Plaintiff met the first factor in demonstrating Nelson and Carlson had knowledge of the Plaintiff's problem and, thus, of a risk that unwarranted punishment may be inflicted. Order, docket #23. However, the Court found the Plaintiff failed to meet the second factor in alleging that Nelson and/or Carlson either failed to act or took only ineffectual action under circumstances indicating that their responses to the problem were products of deliberate indifference to the Plaintiff's plight, because, unlike the defendant prison records officer in *Sample* to whom the plaintiff made several inquiries regarding sentence computation, but who only contacted the sentencing judge's chambers once and "admitted that he did nothing further regarding Sample's case," the Defendants here reviewed the Plaintiff's file, checked their computations, and informed the Plaintiff of their beliefs that the sentence was computed correctly. *Id.* This Court concluded, "The fact that a court in this District determined the Defendants' beliefs to be incorrect does not itself support a finding that Nelson and Carlson were

3

deliberately indifferent to whether the Plaintiff suffered an unjustified deprivation of his liberty." *Id.*

In accordance with the August 13, 2015 order, Plaintiff filed the operative Amended Complaint on September 14, 2015 naming the individual Defendants as well as the state entity Defendants already dismissed during initial review, and he alleges again that the Defendants deprived him of his Eighth Amendment right against cruel and unusual punishment for incarcerating him longer than his properly calculated sentence. Plaintiff seeks $996,620.00 in damages and brings his claims against the Defendants in their official and individual capacities.

Defendants filed the present motion arguing that Plaintiff failed to cure the deficiencies in his amended pleading, and they remain entitled to sovereign immunity in their official capacities and qualified immunity in their individual capacities. Plaintiff counters that Defendants are not entitled to sovereign immunity under the exception for injunctive relief. Plaintiff also contends that his allegations, as amended, are sufficient to state an Eighth Amendment claim against the Defendants by demonstrating that Defendants were made "aware" of the correct statute by which to correctly compute his sentence, but "still failed to correct their error." Defendants reply that the exception to sovereign immunity does not apply to this case and Plaintiff's allegations are insufficient because, while he establishes they knew about his complaint, he does not allege they "either failed to act or took only ineffectual action under the circumstances."

Plaintiff concedes that his Amended Complaint is substantially similar to the original Complaint; however, Plaintiff added certain information set forth in paragraphs 13 and 14 of the amended pleading. *See* Amended Complaint, docket #24 at 13-18. Accordingly, the Court will incorporate by reference its original statement of facts and consider these new allegations of fact (as

opposed to legal conclusions, bare assertions, or merely conclusory allegations), which are taken as true for analysis under Fed. R. Civ. P. 12(b)(1) pursuant to *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) and under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff claims that in 2000, he was sentenced to 14 years' imprisonment in the Colorado Department of Corrections ("CDOC") with a credit of 317 days of time served. When Plaintiff was released on parole in 2007, his discharge date was May 2012. Considering the earned time days credited to Plaintiff's sentence, he was to have discharged from incarceration in 2011. However, due to sentence calculation errors by the CDOC, there were an additional four years, one month, and six days added to Plaintiff's sentence as "null time."

Plaintiff sought assistance directly from the Defendants in the "Time and Release Operations" office for the CDOC, as well as from other state officials who told Plaintiff he was correct about the computation error, but each time Defendants were contacted about the problem, they did not correct the error. Rather, they communicated with Plaintiff or his family their justifications for determining the computation was correct. For example, Nelson wrote to Plaintiff's wife on November 28, 2012 explaining how the time was computed and citing the Colorado statute supporting the computation. Plaintiff's wife responded, explaining her understanding of the statute and how Nelson was not applying the correct statute.

On April 17, 2012, Carlson responded to Mrs. Waynewood acknowledging she had read the lengthy correspondence between Nelson and Mrs. Waynewood regarding proper time computation, confirming that Nelson's information was accurate as to the calculation of Plaintiff's sentence, and clarifying her understanding of the application of Colorado law to the computation. Mrs.

Waynewood responded to Carlson again explaining her understanding of Colorado law and its application, but Defendants did not correct the computation. Finally, Paul Hollenbeck of the CDOC Constituent Services Office responded to Mrs. Waynewood confirming that the calculation was accurate and noting, "considering the number of reviews completed by my two best and most knowledgeable staff (Nelson and Carlson), if there had been any doubt or discrepancy found, it would have been located during these reviews." Amended Complaint, ¶ 14. Hollenbeck then suggested Mrs. Waynewood pursue any further concerns "through the legal system." *Id.*

After seeking relief from state courts without success, Plaintiff filed an action pursuant to 28 U.S.C. § 2241 in the United States District Court of Colorado, case no. 13-cv-02561-CMA, in September 2013. On May 7, 2014, the court granted Plaintiff's application finding that, although Plaintiff failed to demonstrate he had a right to receive credit against his sentence for time spent on parole, the CDOC miscalculated Plaintiff's sentence based on the application of an incorrect state statute and, thus, the court ordered the CDOC to re-calculate the sentence without reference to that statute.

**II.   Analysis**

The Court incorporates the legal standards as set forth in its August 13, 2015 order, and concludes first that Plaintiff improperly named the Colorado entity Defendants in the operative Amended Complaint in contravention of such order. The Plaintiff's new allegations focus only on Defendants Nelson and Carlson and, thus, for the same reasons set forth in Senior Judge Babcock's May 6, 2015 order reviewing the original Complaint, the State of Colorado and Colorado Department of Corrections (Adult Parole and Time Computation Departments) are dismissed as Defendants from this case.

Second, the Court finds Defendants Nelson and Carlson in their official capacities are entitled to sovereign immunity pursuant to the Eleventh Amendment in this case. Although Plaintiff argues in his response brief that he is entitled to invoke the exception to the Eleventh Amendment where a plaintiff is seeking prospective enforcement of his/her federal rights (*see Ex parte Young*, 209 U.S. 123, 159–60 (1908)), *Young* makes it clear that this exception "may not be used to obtain a declaration that a state officer has violated a plaintiff's federal rights in the past" or as a means for seeking money damages. *Buchwald v. Univ. of New Mexico Sch. of Med.*, 159 F.3d 487, 495 (10th Cir. 1998) (citations and quotations omitted). In his Amended Complaint, Plaintiff seeks only monetary damages from Defendants (docket #24 at 20-22) and, as such, his official-capacity claims are barred.

Finally, the Court finds that the Amended Complaint fails to cure the deficiencies noted by the Court in its August 13, 2015 order. Rather, the new allegations simply parrot the documents attached to the original complaint and considered by the Court[1] in its order finding such allegations insufficient in light of *Sample* and *Haygood*, cited with approval by the Tenth Circuit in *Mitchell*, 996 F.2d 311, 1993 WL 191810, at *3. In sum, the Plaintiff's allegations demonstrate Nelson and Carlson reviewed the Plaintiff's file, checked their computations, and informed the Plaintiff of their beliefs that the sentence was computed correctly. Such conduct cannot be viewed as "deliberate indifference" in violation of the Eighth Amendment. *See Sample*, 885 F.2d at 1110-11 (finding deliberate indifference where defendant knew that he was the only person to correct the time

---

[1] In resolving a Rule 12(b)(6) motion, a court may consider written documents attached to the complaint. *See Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991) ("A written document that is attached to the complaint as an exhibit is considered part of the complaint and may be considered in a Rule 12(b)(6) dismissal.").

computation, but took no action (other than placing a call to the sentencing judge) and failed to inform the plaintiff of further action he might take); *Haygood*, 769 F.2d at 1355 (finding deliberate indifference where the "plaintiff presented credible evidence that the defendants, after being put on notice, simply refused to investigate a computational error"); *Moore v. Tartler*, 986 F.2d 682, 686 (3d Cir. 1993) ("Deliberate indifference has been demonstrated in those cases where prison officials were put on notice and then simply refused to investigate a prisoner's claim of sentence miscalculation.") (citation omitted). The fact that the Plaintiff disagreed with Nelson's and Carlson's application of the Colorado statute, which was affirmed by the state courts, but later found to be incorrect by a court in this District, does not give rise to an Eighth Amendment claim. *See, e.g., Jackson v. Dunn*, 610 F. App'x 397, 398 (5th Cir. July 16, 2015) (where a prisoner alleged violations based on his medical treatment, the court found that neither an incorrect diagnosis nor a disagreement with medical treatment is sufficient to establish deliberate indifference under the Eighth Amendment).

Accordingly, the Court finds the Plaintiff fails to state Eighth Amendment claims against Nelson and Carlson in their individual capacities and finds they are entitled to qualified immunity. *See Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir. 2009) ("The plaintiff must demonstrate on the facts alleged both that the defendant violated his constitutional or statutory rights, and that the right was clearly established at the time of the alleged unlawful activity.") (citing *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 818 (2009)).

## III.    Conclusion

In sum, the Court finds the Plaintiff improperly named the Colorado entity Defendants in his Amended Complaint in contravention of the Court's August 13, 2015 order. For the same reasons

set forth in Senior Judge Babcock's May 6, 2015 order, the Court dismisses the Defendants State of Colorado and Colorado Department of Corrections from the case.  In addition, the Plaintiff has failed to state plausible claims under the Eighth Amendment against Defendants Nelson and Carlson in their individual and official capacities in the Amended Complaint and they, too, must be dismissed.

Accordingly, based on the foregoing and the entire record herein, the Court **grants** Defendants' Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [filed November 6, 2015; docket #32].  This case is closed.

Entered and dated at Denver, Colorado, this 5th day of January, 2016.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge